# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JESSICA M. FREEBURN, )
)
        Plaintiff, )
)
v. ) Case No. CIV-12-180-FHS-KEW
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Jessica M. Freeburn (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 10, 1979 and was 31 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade while taking special education classes but returned and completed the twelfth grade. Claimant obtained her GED. Claimant has worked in the past as a janitor, cashier, bagger, machine fastener, and sewing machine operator. Claimant

alleges an inability to work beginning October 3, 2007 due to limitations resulting from headaches and back problems.

## Procedural History

On December 6, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 4, 2010, an administrative hearing by video was held before ALJ David J. Manley. On May 14, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on February 18, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) arriving at an RFC determination which is not supported by substantial evidence; and (2) finding Claimant retained the capacity to perform the demands of jobs which conflicts with the *Dictionary of Occupational Titles ("DOT")*.

## RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of morbid obesity, lumbar radiculopathy, lumbar disc disease, history of substance abuse, hypertension, hypothyroidism, COPD, obstructive sleep apnea, cholelithiasis, cholecystitis, chronic bronchitis, recurrent moderate major depressive disorder, chronic PTSD (rule out), and migraine headaches. (Tr. 17). He also found Claimant retained the RFC to perform a full range of light work except that she must avoid concentrated exposure to dust, fumes, etc. and avoid extreme heat and cold. Claimant was also limited by the ALJ to unskilled work. (Tr. 22). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of information clerk and ticket seller. (Tr. 27).

Claimant contends that the ALJ's findings with regard to her mental RFC are not supported by substantial evidence. On March 23, 2009, Dr. Brad Williams completed a Mental RFC Assessment form on

5

Claimant. He determined Claimant was markedly limited in the area of the ability to maintain attention and concentration for extended periods and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. For the remainder of the functional areas, Dr. Williams found Claimant to be moderately limited. (Tr. 798-99). He concluded Claimant could perform less than unskilled work. (Tr. 800).

On February 13, 2009, Claimant was evaluated by Dr. Suzanne Gibbard. She diagnosed Claimant with major depressive disorder, recurrent, severe; PTSD; and a GAF of 49. (Tr. 289). Dr. Gibbard found Claimant did not participate in social activities. Her communication skills were within a socially acceptable range, but anxiety could interfere with being around others. Claimant would have the capacity to cope with mental cognitive work demands. However, some problems were noted with Claimant's ability to sustain concentration in the areas of digits backwards. Claimant was found to have the capacity to sustain completion of tasks and complete them in a timely manner. (Tr. 290).

The ALJ found Dr. Williams' opinion conflicted with the opinion of Dr. Gibbard, which the ALJ found more reliable. Dr.

Gibbard found limitations upon Claimant's ability to concentrate and ability to interact with others due to anxiety which coincided with limitations found by Dr. Williams. Yet, the ALJ made no allowances in his RFC determination for these limitations. The ALJ did not explain the reason he accepted some of Dr. Gibbard's findings which supported a conclusion of non-disability but rejected other findings which did not. He is required to provide such an explanation. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). Additionally, the ALJ cannot pick and choose through the uncontradicted medical opinion evidence. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall re-evaluate the mental restrictions found by both Dr. Williams and Dr. Gibbard and the effect those opinions will have upon the ALJ's RFC determination.

As for physical limitations, the ALJ relied upon the Physical RFC Assessment completed by Dr. Jerry Thomas on January 13, 2008. Dr. Thomas found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk for about 6 hours in an 8 hour workday, could sit for about 6 hours in an 8 hour workday, and could engage in unlimited pushing and pulling. (Tr. 782). The ALJ concluded Dr. Thomas' opinion deserved some weight "since he has reviewed the file and has expertise in the field."

7

(Tr. 22). Unfortunately, the record regarding Claimant's back impairment and obesity was not available for the ALJ's or Dr. Thomas' consideration and no further consultative examination occurred for these conditions. (Tr. 48-53). On remand, the ALJ shall either obtain further consultative examinations on these conditions or obtain Claimant's medical records addressing his back and obesity.

### Conflicts with the DOT

Of course, the ALJ's faulty or incomplete RFC determination would also affect the hypothetical questioning of the vocational expert at step five. On remand, the ALJ shall reformulate his questions and obtain further testimony from the vocational expert. Additionally, the ALJ shall consider the demands of the representative jobs to insure they are in conformity with his RFC assessment and the requirements of the *DOT*.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties

are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE